IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff<br><br>v.<br><br>THE HERSHEY COMPANY,<br><br>Defendant. | CIVIL ACTION NO.<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 *et. seq.*, ("ADA" and "ADAAA") to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Kristina Williams, who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC") alleges that The Hershey Company ("Defendant") discriminated against Ms. Williams, a qualified individual with a disability, when it: (1) denied her a reasonable accommodation of her physical disability by not providing an adjustment of her break time or work modification for her part-time Retail Sales Merchandiser position during the period May 20, 2015 to August 19, 2015 ("reasonable accommodation"); and (2) terminated her from her part-time RSM job on August 19, 2015.

**COMPLAINT- Page 1**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Washington.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. 2000e-5(f)(1).

4. On information and belief, Defendant has continuously been doing business in the State of Washington and has continuously had at least fifteen (15) employees at all relevant times.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5) and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**COMPLAINT- Page 2**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

ADMINISTRATIVE PROCEDURES

7. More than thirty (30) days prior to the institution of this lawsuit, Charging Party Kristina Williams filed Charge No. 551-2015-01629 with the EEOC alleging violations of Title I of the ADA by The Hershey Company. Defendant responded to Ms.Willliams's EEOC charge. The EEOC issued Defendant a Letter of Determination on May 23, 2017 finding reasonable cause to believe the ADA was violated with regard to Ms. Williams, and invited Defendant to explore informal methods of conciliation to eliminate the unlawful employment practices and to provide appropriate relief. The EEOC then communicated with Defendant to describe appropriate remedies for the discriminatory practices described in the EEOC's Letter of Determination. The EEOC was unable to secure a conciliation agreement from Defendant that was acceptable to the Commission. On June 26, 2017, the EEOC issued a Notice of Failure of Conciliation to Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

8. Since at least May 20, 2015, Defendant has engaged in unlawful employment practices in violation of Sections 102(a) and 102(b)(5) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(5). Defendant discriminated against Kristina Williams, a qualified individual with a disability, when it: (1) failed to provide a reasonable accommodation of her back condition by adjusting her break time or modifying the work for her part-time Retail Sales Merchandiser position ("RSM") during the period May 20, 2015 to August 19, 2015; and (2) fired her from her part-time RSM job on August 19, 2015.

**COMPLAINT- Page 3**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

9. Ms. Williams is an individual with a disability. She was diagnosed with a category two lumbar impairment consisting of two herniated discs (L4/L5) and nerve root compression in 2007 and degenerative disc disease (L4/L5) in 2009, which she disclosed to Defendant in her post-offer, pre-employment medical questionnaire dated November 21, 2011. Ms. Williams also disclosed her twenty (20) pound lifting restriction caused by her back condition to Defendant shortly thereafter. In March 2015, Ms. Williams was diagnosed with spinal stenosis, a narrowing of her spinal canal. As a result of her permanent physical impairment, Ms. Williams is substantially limited in the major life activities of musculoskeletal function and lifting.

10. Despite the foregoing, Ms. Williams was a qualified individual with a disability because she satisfactorily performed the essential functions of her part-time RSM job starting in December 2011 through the relevant time period.

11. Ms. Williams took a short medical leave of absence from April 16, 2015 to May 19, 2015 to receive additional treatment for her herniated discs (L4/L5). Ms. Williams's treating physician completed a short-term disability assessment of her on April 20, 2015 in which he indicated: (a) a permanent 20-lbs. lifting restriction; (b) no squatting; (c) no crawling; and (d) no climbing ladders or scaffolding.

12. Ms. Williams provided her return-to-work documents to Defendant on May 19, 2015 and requested an accommodation for her back condition, *e.g*., that she be able to split her 15-minute daily break into two smaller breaks to allow her to work within her lifting restrictions. She then sent a reminder to Defendant's Human Resource Department ("HR") on June 9, 2015 asking for an update of when she would be allowed to return to work. Defendant's Senior HR

**COMPLAINT- Page 4**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Manager told Ms. Williams that she would evaluate her requested accommodation, but kept Ms. Williams from returning to work after May 20, 2015.

13. Ms. Williams then provided additional information and reminders about possible accommodations for her back condition to Defendant's HR Manager on June 9, 2015, June 19, 2015, and July 7, 2015. However, Defendant did not allow Ms. Williams to return to work in the RSM position from May 20, 2015 to August 19, 2015.

14. Defendant's Senior HR Manager denied Ms. Williams's request for an accommodation of her back condition by letter dated August 19, 2015, stating that her "permanent restrictions" will prohibit her from performing required job duties necessary for Retail Sales Merchandisers. Defendant then terminated Ms. Williams from her RSM position at the conclusion of the same letter.

15. The effect of the practices complained of in paragraphs 8-14 above has been to deprive Ms. Williams of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

16. The unlawful employment practices complained of in paragraphs 8-14 were and are intentional.

17. The unlawful employment practices complained of in paragraphs 8-14 above were done with malice or with reckless indifference to the federally protected rights of Kristina Williams.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, successors, assigns, and all persons in active concert or participation with it, from unlawfully failing to

**COMPLAINT- Page 5**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

provide equal employment opportunities to employees with disabilities and to accommodate employees' disabilities, and any other employment practice which discriminates on the basis of disability.

    B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant to make whole Kristina Williams by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

    D.    Order Defendant to make whole Kristina Williams by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-14 above, including past and future out-of-pocket losses, in amounts to be determined at trial.

    E.    Order Defendant to make whole Kristina Williams by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 8-14 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant to pay Kristina Williams punitive damages for its malicious and reckless conduct, as described in paragraphs 8-14 above in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

**COMPLAINT- Page 6**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this 19th day of July, 2017.

| | |
|---|---|
| ROBERTA L. STEELE | JAMES L. LEE |
| Regional Attorney | Deputy General Counsel |
| | |
| JOHN F. STANLEY | GWENDOLYN Y. REAMS |
| Supervisory Trial Attorney | Associate General Counsel |
| | |
| DAMIEN A. LEE | |
| Senior Trial Attorney | |

BY:  *s/ Roberta L. Steele*
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | |
|---|---|
| 909 First Avenue, Suite 400 | Office of the General Counsel |
| Seattle, WA  98104-1061 | 131 "M" Street NE |
| Telephone (206) 220-6915 | Washington, D.C. 20507 |
| Facsimile (206) 220-6911 | |

Attorneys for Plaintiff EEOC

COMPLAINT- Page 7

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882