**THE HONORABLE ROBERT S. LASNIK**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE HERSHEY COMPANY,<br><br>Defendant. | CASE NO. 2:17-cv-1092-RSL<br><br>**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER** |

I. <u>PURPOSES AND LIMITATIONS</u>

1. This Stipulation of Confidentiality and Proposed Protective Order ("Stipulation") shall govern the use and disclosure of all "Discovery Materials," as defined below, which are created or produced in connection with the above-captioned action. "Discovery Materials" shall include transcripts of depositions upon oral examination and exhibits thereto; transcripts of depositions upon written questions and exhibits thereto; answers to interrogatories; documents, data, or other things produced by any party to any other, whether or not pursuant to a formal request; answers to requests for admission; documents or things produced by any non-party

STIPULATED PROTECTIVE ORDER (2:17-cv-1092-RSL) – Page 1

participating in this litigation ("non-party") to any of the parties (defined below), whether or not pursuant to a subpoena; all information contained in any of the foregoing; and all copies, excerpts or summaries of any of the foregoing.

2. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

II. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include, but is not limited to, the following documents and tangible things produced whether by voluntary or compelled production or disclosure or in response to any formal discovery procedure or otherwise exchanged:

   a. Medical records and healthcare information pertaining to Charging Party Kristina M. Williams ("Ms. Williams"), *e.g.*, EEOC000411-413, EEOC000418-419.

   b. Any proprietary business information or commercial information entitled to protection as now or hereafter interpreted by the Court, including product information, customer and other commercial agreements, financial information, sales information, pricing and promotion information, marketing information, strategic and/or planning information, product innovation or development information, and/or business reorganization information concerning Defendant The Hershey Company ("Hershey" or "Defendant") or its affiliates, *e.g.*, customer lists, sales data, documents reflecting merchandising strategy.

c. Any personal or private information concerning Ms. Williams who Plaintiff EEOC seeks relief for or, any other former or current employees of Hershey, *e.g.*, Social Security Numbers, date of birth, and personal financial information.

d. Defendant's tax records, tax returns, intellectual property including trade secrets.

e. Personnel records and information related to nonparties, *e.g*., performance evaluations like EEOC000220-226 or termination records.

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) Outside and inside counsel who represent parties in this action, and regular and temporary employees of those counsel assisting in the conduct of this action, for use in accordance with this Stipulation;

(b) The officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) Any outside independent consultant, mediator who the parties have jointly designated for purposes of attempting to resolve this case or experts assisting counsel for the parties in this action (including potential experts) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The Court and court reporters employed in connection with this action;

(e) Any independent copying or imaging services engaged by such attorneys, provided that the attorney engaging a copying or imaging service has no reason to believe that that service or any of its employees is likely to disclose or use any Confidential Discovery Material in a way that would violate this Stipulation;

(f) Actual deponents or trial witnesses in this action, and their counsel, to the extent necessary in preparation for deposition or trial testimony in this action, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court, and that the producing party shall be entitled to review that record of Confidential Discovery Material disclosures upon a showing of a need for such information. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) Authors and recipients of such materials;

(h) Any insurance company or business that may be liable to satisfy all or part of a possible judgment and/or the attorneys' fees and costs arising from this action;

(i) Plaintiff;

(j) Charging Party Kristina Williams; and

(k) Any other individual agreed to in writing by the designating party.

4.3. Each person to whom Confidential Discovery Material Discovery Material, or data and information obtained, derived or generated from Confidential Discovery Material, is disclosed or made available, including Plaintiff, Claimant, and Hershey, and employees of Hershey and its affiliates, or experts or consultants retained by either party, shall first be advised of the existence and the contents of this Stipulation, and shall agree to comply with this Stipulation by first executing an Acknowledgement in the form of which is attached as Exhibit A to this Stipulation. No such person shall divulge any Confidential Discovery Material or any data and information obtained, derived, or generated from Confidential Discovery Material, to any other person, except as provided herein.

4.4. <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

4.5. Notwithstanding the provisions of paragraphs 4.2, 4.3. and 4.4. this Stipulation has no effect upon, and shall not apply to, any producing party's use of its own lawfully and properly obtained Confidential Discovery Material for any purpose.

5. DESIGNATING PROTECTED MATERIAL

5.1. Any party or non-party may designate any discovery material as Confidential Discovery Material in the following manner:

(a) Any discovery material may be designated Confidential Discovery Material either by: (i) marking, either before or as the document is produced, the word "Confidential" on each page of the document that contains Confidential Discovery Material, or (ii) if a document is produced not marked "Confidential" but later determined to be, notifying the other party in writing, either before or after the document is produced, of the "Bates" number (if such numbers have been placed on that document, and if not, otherwise identifying the document with specificity for the other party) of each page of the document that contains Confidential Discovery Material.

(b) Depositions or other pre-trial testimony by parties or non-parties may also be designated Confidential Discovery Material either by: (1) a statement by counsel on the record at the time of disclosure designating the matter Confidential Discovery Material, or (2) sending a statement to counsel for all parties and, if related to a deposition or pre-trial testimony of a non-party, the non-party's counsel, in a writing served by hand delivery or facsimile within thirty (30) days after receipt that the deposition transcript or pre-trial testimony should be designated Confidential Discovery Material. In addition, counsel for any of the parties or participating non-parties may affix the legend "Confidential" to the first page and all subsequent pages of the original transcript that contains designated material, and to the first page, and all subsequent corresponding pages, of all copies of such transcript. Only those portions of each transcript designated as "Confidential" in this action shall be deemed "Confidential" material. All transcripts of depositions or other pre-trial testimony shall automatically be deemed to be "Confidential" until the end of the thirtieth (30) day after their receipt by counsel for the deponent or witness.

(c) To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, e-mails, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes), the producing party or any non-party may designate such material as Confidential, as the case may be, by affixing a label on the media or its casing indicating such designation or, where not practical, by cover letter referring generally to such matter.

(d) Any discovery material already produced may be designated as Confidential Discovery Material by providing written notice of the same to all parties or non-parties to whom

it has been produced within thirty (30) days after production or Court approval of this Stipulation, whichever is earlier.

    5.2. The designation of discovery materials as Confidential Discovery Material pursuant to this Stipulation shall not constitute a ruling that those materials actually contain Confidential Information.

    5.3. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    Mass, indiscriminate, or routinized designations are prohibited.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1. If a party, or a non-party, objects to the designation of discovery materials or portions thereof designated Confidential Discovery Material by any other party or non-party because those discovery materials do not actually include Confidential Discovery Material and, therefore, do not warrant the protection claimed for them under this Stipulation, that objecting party or non-party may so notify all parties and any concerned non-party in writing and state the basis for its conclusion. Promptly after receipt of such notice, the attorneys for all concerned parties and non-parties shall confer in good faith in order to resolve the objection to the

designation of confidentiality. If it is not possible to resolve the objection within fifteen (15) days after service of the notice, then the designated discovery materials shall continue to be Confidential Discovery Material under this Stipulation, and the proponent of the Confidential Discovery Material designation being challenged shall present the grounds for the designation to the Court initially by telephone or letter before filing a formal motion for an Order regarding the propriety of the designation.

6.2 Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. DISCLOSURE OF PROTECTED MATERIAL

7.1. If any party intends to offer in evidence at trial or in any other proceedings in open court any discovery materials designated Confidential Discovery Material, it shall serve reasonable advance notice thereof on all other parties and concerned non-parties, if any, in order to afford the parties and non-parties the opportunity to bring before the Court the matter of the protection of the confidentiality of those materials or that information.

7.2. If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement,

the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

   7.3. If any Confidential Discovery Material produced by the designating party in this action and not already lawfully in the receiving party's possession at the time of production, and/or data generated therefrom, is sought from the receiving party for use in any other judicial or administrative proceeding or otherwise during the course of this action by any person through formal discovery or otherwise, the receiving party shall immediately notify the designating party so as to permit the designating party to seek a protective order from the appropriate court. With respect to the notification required by this paragraph, Plaintiff or Claimant shall notify by e-mail Michael Puma of Morgan, Lewis & Bockius LLP at michael.puma@morganlewis.com, and Defendant shall notify by e-mail John Stanley of the EEOC at john.stanley@eeoc.gov.

8. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

   8.1. The inadvertent or unintentional production to a receiving party or to a non-party by either party of Confidential Discovery Material that was not so designated at the time of disclosure shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter and the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement
STIPULATED PROTECTIVE ORDER (2:17-cv-1092-RSL) – Page 9

that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

8.2. In the event that a producing party discovers that information or documents which are subject to attorney-client privilege or the work-product doctrine have been inadvertently produced, the producing party shall notify the receiving party within fourteen (14) days of discovery of the error and provide a privilege log to the receiving party that complies with the Federal Rules of Civil Procedure. The receiving party shall return all copies of the information or documents to the producing party within ten (10) days of receipt of such notice. However, within ten (10) days of receipt of such notice, if the receiving party wishes to challenge the producing party's assertion of privilege, the receiving party may, with notice to the producing party, provide the Court with one copy of the disputed privileged material for in camera review together with an explanation as to why the document should not be deemed privileged. The producing party shall then have ten (10) days to make a submission to the Court regarding why the disputed privileged material should be considered privileged. The fact that such privileged documents are produced, inadvertently or otherwise, shall not be construed as a waiver of any applicable attorney-client privilege and/or the work product doctrine. The fact that privileged documents are returned shall not be construed as an admission by the receiving party that the documents are in fact subject to the attorney-client privilege or the work-product doctrine.

9. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

9.1. The provisions of this Stipulation shall not terminate at the conclusion of this action. Within 60 days after the termination of this action, including all appeals, the receiving party shall either destroy Confidential Discovery Material or return all Confidential Discovery

Material to the producing party, including all copies of such documents which may have been made, but not including any notes or other attorney work product that may have been placed thereon. At the request of the producing party, any copies of Confidential Discovery Material claimed to contain attorney work product shall be destroyed. In the event of destruction (as opposed to return), the receiving party or its counsel shall provide the producing party with a sworn declaration of such destruction.

9.2. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

9.3. The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise. Nothing in this Protective Order shall be interpreted as limiting or overriding the EEOC's obligation to maintain copies of files pursuant to the Federal Records Act.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

ROBERTA STEELE
Regional Attorney

JOHN F. STANLEY
Supervisory Trial Attorney

DAMIEN A. LEE
Senior Trial Attorney

BY: */s/ Damien A. Lee*
EEOC-Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104-1061
Telephone (206) 220-6915
Facsimile (206) 220-6911

Attorneys for Plaintiff Equal Employment Opportunity Commission

BY: */s/ Michael J. Puma*
Michael J. Puma (admitted *pro hac vice*)
Eric C. Kim (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000 Phone
(215) 963-5001 Fax

Sheryl J. Willert
**WILLIAMS KASTNER**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-2408 Phone
(206) 628-6611 Fax

Attorneys for Defendant The Hershey Company

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: January 26, 2018

_____
Robert S. Lasnik
United States District Judge

STIPULATED PROTECTIVE ORDER (2:17-cv-1092-RSL) – Page 12

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *EEOC v. The Hershey Co.,* No. 2:17-cv-1092-RSL (W.D. Wash.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____